## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 14 2018, 6:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Austin & Jones, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Short,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 14, 2018

Court of Appeals Case No.
18A-CR-1372

Appeal from the Marion Superior Court

The Honorable Clark Rogers, Judge

Trial Court Cause No.
49G25-1610-F6-39353

**Bradford, Judge.**

# Case Summary

[1] In October of 2016, while James Short was serving probation in another county, Marion County probation officers and sheriff's deputies conducted a warrantless search of his Marion County residence and discovered methamphetamine. As a condition of probation, Short had consented to submit to a search of his residence by any probation or law enforcement officer. Marion County subsequently charged Short with Level 6 felony possession of methamphetamine. The trial court admitted the methamphetamine into evidence at Short's bench trial, over his objection, and found him guilty as charged. Short contends that the trial court abused its discretion by admitting the methamphetamine because the Marion County probation officers and sheriff's deputies did not have authority to conduct a warrantless search of his residence because he was not validly serving Marion County probation. Because Short agreed to submit to a search of his residence by "any" probation or law enforcement officers we disagree and affirm.

# Facts and Procedural History

[2] On January 27, 2006, Short was sentenced to three years in community corrections and five years of probation under Putnam County cause number 67D01-0410-FC-218 ("Putnam County Cause"), which was later modified to two years in community corrections and six years of probation. On June 21, 2012, Short was arrested and charged with criminal deviate conduct under Marion County cause number 49G03-1206-FB-42279 ("Marion County

Cause"). Putnam County subsequently filed multiple petitions to revoke Short's probation in the Putnam County Cause. On April 16, 2013, Short pled guilty in the Marion County Cause and was sentenced to seven years of incarceration with four years suspended to probation, three of those years on supervised sex offender probation, to be served consecutively to the Putnam County Cause. Short was then transported to the Indiana Department of Correction ("DOC") to serve the executed portion of his Marion County sentence.

[3] On December 24, 2015, Short was released from the DOC and transported to Putnam County to resolve pending probation violations. On March 4, 2016, Short posted bail in Putnam County and reported to the Marion County Probation Department to inform his probation officer that he would begin serving his probation in the Marion County Cause following completion of his probation in the Putnam County Cause. However, the Marion County probation officer placed Short on supervised sex offender probation that day. Putnam County probation officer Kim Thibodeau resumed monitoring Short after he posted bail, and on July 26, 2016, she contacted Marion County probation to ensure that Short was complying with the conditions of probation imposed in the Putnam County Cause while residing in Marion County.

[4] On October 5, 2016, Marion County probation officers and sheriff's deputies conducted a home visit at Short's Marion County residence and discovered methamphetamine. Short was charged with Level 6 felony possession of methamphetamine under Marion County cause number 49G14-1610-F6-39353 ("Cause No. F6-39353").

[5] Prior to trial in Cause No. F6-39353, Short sought to suppress the methamphetamine, arguing that he was only validly serving probation in Putnam County at the time of the search, which made the search by the Marion County probation officers improper. The trial court denied Short's motion and held a bench trial on May 2, 2018, during which it admitted the methamphetamine as evidence. The trial court found Short guilty as charged and sentenced him to 544 days of incarceration.

# Discussion and Decision

[6] Short contends that the trial court abused its discretion by admitting the methamphetamine discovered during the warrantless search of his residence. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *J.K. v. State*, 8 N.E.3d 222, 228 (Ind. Ct. App. 2014). "A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law." *Id.*

[7] Generally, the Fourth Amendment of the United States Constitution and Article 1, Section 11 of the Indiana Constitution require searches to be conducted pursuant to a warrant supported by probable cause. *Hodges v. State,* 54 N.E.3d 1055, 1058 (Ind. Ct. App. 2016). There are, however, various exceptions to the warrant requirement, *id.* at 1059, which the State bears the burden of proving existed at the time of the search. *Sugg v. State*, 991 N.E.2d 601, 607 (Ind. Ct. App. 2013), *trans. denied.* One such exception is a valid

waiver in the terms and conditions of probation. *See State v. Vanderkolk*, 32 N.E.3d 775, 775 (Ind. 2015) (establishing that a probationer may in advance, by a valid consent or search term in the conditions of release, authorize a warrantless search of his residence without reasonable suspicion). The probationer must be "unambiguously informed of a clearly expressed search condition in the conditions of their release to probation." *Hodges* 54 N.E.3d at 1060 (internal quotations admitted).

[8] Neither Short nor the State contests that Short was on probation in Putnam County at the time his residence was searched.[1] On February 26, 2008, by signing and dating the Putnam County trial court's order of probation, Short acknowledged that he read and understood the conditions listed therein. One of these conditions provided that Short would "submit to search of person, property or residence upon request by *any* probation, PCADP or law enforcement officer." Def. Ex. E (emphasis added). The language of the condition is clear that Short authorized a search of himself and his residence by any probation or law enforcement officer while on Putnam County probation. Short specifically contends that because he was not validly serving his Marion County probation until completion of his Putnam County probation, Marion County probation officers and sheriff's deputies had no authority to search his residence. This distinction makes no difference, because Marion County

---

[1] There does seem to be some question, however, as to whether Short was also validly serving Marion County probation on the date of the search. Because disposition of that issue is inconsequential to our decision in this matter, we will not address it.

probation officers and sheriff's deputies qualify as "any" probation or law enforcement officers under the conditions of Putnam County probation. Short has failed to establish that the trial court abused its discretion by admitting the methamphetamine that was discovered during the warrantless search of his residence.

[9]     The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.